UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN JONES,

        Plaintiff,

v.                                        Case No. 22-C-653

GEORGE DILLENBERG, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Melvin Jones is currently incarcerated at Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On May 8, 2023, Defendants filed a motion for summary judgment. Jones' response materials are due June 7, 2023. On May 19, 2023, Jones filed a motion to stay Defendants' motion. Dkt. No. 53. Jones explains that he served his second set of discovery requests a few days before discovery closed, and he needs their responses to respond to their summary judgment motion. A few days later, on May 22, 2023, Jones filed his second motion to appoint counsel. Dkt. No. 54. For the reasons explained below, the Court will deny both motions.

As to Jones' motion to stay Defendants' summary judgment motion, the scheduling order explains that discovery requests must be served at least sixty days before the discovery deadline so that the opposing party has adequate time to respond to the requests before the deadline. Dkt. No. 13. Jones served his second set of discovery requests just days before the close of discovery. As such, his requests were not timely served, and Defendants are not obligated to respond to them. Jones also fails to describe what information he needs to respond to Defendants' summary

judgment motion. Jones has firsthand knowledge of his interactions with Defendants, and Defendants have filed numerous documents, including observation logs and incident reports, in support of their motion. Jones does not explain why the information he already has is insufficient for him to prepare his response materials. The Court reminds Jones that summary judgment rises or falls on whether there is a genuine dispute of material fact, and because Jones has personal knowledge of the material facts of his case, he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. Although the Court is denying Jones' motion to stay Defendants' summary judgment motion, it will extend his deadline to file his response materials.

Next, as to his second motion to appoint counsel, the Court has already explained that in a civil case the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). The Court will deny his motion at this time because, although he has made efforts to hire a lawyer without the Court's help, the Court believes Jones is capable of responding to Defendants' summary judgment motion on his own. The Court acknowledges that Jones has limited education and mental health challenges, but neither of those circumstances has impacted Jones' ability to advocate for himself so far in the case. As the Court observed in its prior decision denying his motion to appoint counsel, Jones' filings have been clear, well organized, and easy to understand. And, contrary to his characterization, his claims are straightforward. Jones asserts that he has limited law library time and legal resources, but the Court is familiar with the law and does not require Jones to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. As noted, Jones knows the facts of his case, and he is capable of identifying which facts asserted by Defendants are in dispute. The other challenges

Jones describes can be addressed by giving him additional time to prepare his response materials, so the Court will extend his deadline to respond to Defendants' summary judgment motion to **July 7, 2023**. Finally, the Court acknowledges the challenges Jones faces in having to handwrite his response materials. Accordingly, as he responds to Defendants' proposed findings of fact, Jones may simply use the paragraph number without reproducing each paragraph in full as required by Civil L. R. 56(b)(2)(B)(i).

In short, the Court finds that Jones is capable of responding to Defendants' summary judgment motion on his own. If new challenges arise that he does not believe he can overcome on his own, he may re-new his motion. If he does so, he should be specific about what *new* challenges he faces and what efforts he has made to overcome those challenges.

**IT IS THEREFORE ORDERED** that Jones' motion to stay Defendants' summary judgment motion (Dkt. No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Jones' deadline to file his materials in response to Defendants' summary judgment motion is **EXTENDED** to **July 7, 2023**. If the Court does not receive Jones' response materials by the deadline, the Court will accept all facts asserted by Defendants as true and will decide the motion without Jones' input.

**IT IS FURTHER ORDERED** that Jones' second motion to appoint counsel (Dkt. No. 54) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 24th day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge